CARMEN ORTIZ DE JESÚS, demandante y recurrida, *v.* CRUZ HIGINIO VÁZQUEZ COTTO, demandado y recurrente.

*Número:* RE-87-71      *Resuelto:* 9 de noviembre de 1987

*Wilfredo Luciano Quiñones,* abogado del recurrente; *Benjamín Rivolta López,* de *Gutiérrez & Rivolta,* abogado de la recurrida.

PER CURIAM: En pleito sobre alimentos, el Tribunal Superior de Puerto Rico, Sala de Caguas, dictó sentencia mediante la cual condenó al aquí demandado recurrente Cruz Higinio Vázquez Cotto a pagar la cantidad de $500 mensuales en concepto de pensión alimenticia, la cual suma de dinero "deberá la parte demandada satisfacer de la siguiente manera: $200.00 para cada uno de sus hijos ... y $100.[00] para la demandante Carmen Ortiz De Jesús", *con la cual dama el demandado recurrente nunca ha estado casado.*(1)

Habiendo recurrido ante este Tribunal el demandado mediante la radicación del correspondiente recurso de revisión, mediante resolución de fecha 2 de abril de 1987 le concedimos término a la parte demandante recurrida:

> ...para mostrar causa por la cual este Tribunal no deba expedir el recurso solicitado y dictar sentencia modificatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, en el Caso Civil RF-86-44 a los efectos de eliminar la concesión de la suma de $100.00 mensuales, por concepto de alimentos, a la referida codemandante por ser la misma improcedente en derecho. Resolución de 5 de marzo de 1987.

La parte demandante ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

Este Tribunal en el pasado ha reconocido el interés propietario de los concubinos con respecto a los bienes adquiridos o que hayan incrementado de valor vigente la

---

(1) El demandado recurrente está casado legalmente con otra persona.

relación, como resultado del esfuerzo, labor y trabajo aportados conjuntamente bajo cualquiera de las siguientes alternativas: "(1) como pacto expreso ... (2) como pacto implícito que se desprende espontáneamente de la relación humana y económica existente entre las partes durante el concubinato ... (3) como un acto justiciero para evitar el enriquecimiento injusto ...". *Cruz* v. *Sucn. Landrau Díaz*, 97 D.P.R. 578, 585 (1969); *Caraballo Ramírez* v. *Acosta*, 104 D.P.R. 474, 481 (1975).

Nunca, sin embargo, hemos reconocido que la relación concubinaria, por sí sola, pueda generar un "régimen matrimonial de hecho" con todos los aspectos jurídicos que ello conlleva; entre otros, la obligación de prestarse alimentos. El articulado de nuestro Código Civil que regula la institución de alimentos, en particular los debidos al cónyuge o ex cónyuge en estado de necesidad económica,[2] *parten del supuesto de un matrimonio legalmente constituido*.[3] Erró en su consecuencia el tribunal de instancia al imponerle al demandante recurrente en el presente caso el pago de una suma de dinero por concepto de pensión alimenticia a la demandante recurrida.

Por las razones expuestas, *se expedirá el auto y se dictará sentencia modificatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, según lo arriba expresado y así modificada se confirmará la misma.*

---

[2] Arts. 89, 109 y 143 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 282, 385 y 562.

[3] Debe señalarse, en adición, que el presente caso trata de dos personas que estaban impedidas por ley de contraer matrimonio por razón de uno de ellos estar legalmente casado, hecho conocido plenamente por la demandante recurrida. Dicha relación, de hecho, pudo servir de base para la radicación de acusaciones por el delito de adulterio. Art. 129 del Código Penal, 33 L.P.R.A. sec. 4147.

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton concurren en el resultado sin opinión escrita.