# 95 DTA 154

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL I

MARIA ALGORRI NAVARRO
Demandante-Recurrida

v.

CECILIO RODRIGUEZ MOJICA
Demandado-Recurrente

Núm. KLCE-95-00259

San Juan, Puerto Rico, a 12 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Señor Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La demandante-peticionaria, María Algorri Navarro, acude ante nos mediante recurso de *certiorari*. Solicita la expedición del recurso y la revocación de resolución del Tribunal de Primera Instancia, Sala Superior de Caguas, declarando sin lugar la petición de alimentos pendente-lite, radicada por la demandante-peticionaria dentro de un procedimiento de liquidación de comunidad de bienes constituida por ella y el demandado-recurrido, Cecilio Rodríguez Mojica, como consecuencia de una relación consensual *(more-uxorio)*, entre ellos, por espacio de siete años y medio. Denegamos el recurso de *certiorari*.

### I
El Artículo 100 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 343, dispone lo

siguiente:

*"Si uno de los cónyuges no contase con suficientes recursos propios para vivir durante **el juicio**, el Tribunal Superior ordenará al otro cónyuge que pase una pensión alimenticia en proporción a los bienes de éste."* (Bastardillas nuestras).

¿A **qué juicio** hace referencia esa disposición? Al juicio de divorcio contemplado en la Parte IV, capítulo 43 de nuestro Código Civil que regula las *"Medidas Provisionales a que Puede Dar Lugar el Juicio por Divorcio."*

La solicitud de alimentos *pendente-lite* como remedio provisional está asequible a aquellos cónyuges que son casados legalmente entre sí y son partes en un procedimiento de divorcio, que procura la disolución de ese vínculo matrimonial. Para que se pueda instar una acción de divorcio entre cónyuges, se tiene que haber generado entre ellos un régimen matrimonial de derecho con todas la consecuencias jurídicas contempladas en las Partes III, IV y V de nuestro Código Civil, 31 L.P.R.A. secs. 221 *et seq.,* entre otros.

Nuestro más alto Tribunal se ha expresado al respecto en *Ortiz De Jesús v. Vázquez Cotto,* 119 D.P.R. 547 (1987), de la manera siguiente:

*"Nunca, sin embargo, hemos reconocido que la relación concubinaria, por sí sola, pueda generar un "régimen matrimonial de hecho" con todos los aspectos jurídicos que ello conlleva; entre otros, la obligación de prestarse alimentos, en particular los debidos al cónyuge o ex-cónyuge en estado de necesidad económica, parten del supuesto de un matrimonio legalmente constituido."*

## II

La demandante-peticionaria, María Algorri Navarro, esgrime ante nos, el argumento que no otorgarle la condición de cónyuge que contempla el Artículo 100 del Código Civil de Puerto Rico, *supra*, es violarle su derecho constitucional a la igualdad dispuesto en el Artículo II, sección I, Carta de Derechos, 1 L.P.R.A█

Argumenta la señora Algorri Navarro que la ley establece una dicotomía basada en la condición social del individu█ que discrimina contra personas en su situación. Aduce que debe ser evaluada esa disposición de ley por contener una categoría que de su faz es sospechosa sujeto este asunto a un estricto y riguroso escrutinio judicial, estando el Estado obligado a probar que la clasificación tiene un propósito apremiante de beneficio al interés común. En apoyo de su argumento ilustra como norma aplicable lo expresado por nuestro más alto Tribunal en *Comisión Para Asuntos de la Mujer v. Giménez Muñoz,* 109 D.P.R. 715 (1980).

La demandante-peticionaria, María Algorri Navarro, trae ante este foro apelativo un planteamiento de inconstitucionalidad del Artículo 100 del Código Civil de Puerto Rico, *supra*, que fue traído a la atención y consideración del Tribunal de Primera Instancia para su resolución. Tampoco surge de los autos la notificación al Estado a través del Secretario de Justicia, a quien le corresponde su representación ante el Tribunal de Primera Instancia, a los efectos de sostener la validez y constitucionalidad de la ley, conforme a derecho.

Por los fundamentos antes indicados, se deniega la expedición del auto de *certiorari* por no exponer la petición asunto que justifique mover la discreción de este Tribunal para revisar la resolución recurrida del Tribunal de Primera Instancia.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 154**

**1.** *"La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas..."*

**2.** Condición de alegado cónyuge por virtud de una relación *more-uxorio* versus la condición de cónyuge que surge por virtud de un matrimonio legalmente constituido.