FERNANDO LUIS MONLLOR ARZOLA, demandante y recurrido, *v.* LA SOCIEDAD LEGAL DE GANANCIALES compuesta por LUIS GONZÁLEZ ORTIZ y ESPOSA ET ALS., demandados y recurrentes.

*Número:* RE-93-291      *Resuelto:* 13 de junio de 1995

*Julio Rivera Toro*, abogado de los recurrentes; *Miguel Limeres Grau*, de *Parra, Del Valle, Frau & Limeres*, abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El caso de autos nos ofrece la oportunidad de interpretar la Ley de Tránsito y Seguridad en los Balnearios, Ley Núm. 48 de 27 de junio de 1986, según enmendada, 12 L.P.R.A. sec. 1391 *et seq.*, y el Reglamento para la Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad Núm. 3589, Departamento de Recursos Naturales, 11 de marzo de 1988 (en adelante Reglamento para la Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad).

I

El 14 de julio de 1991, en la playa de Santa Isabel, el demandante Fernando Luis Monllor Arzola, de veintidós

(22) años, quien se movía en su tabla de vela (*windsurfer*) en dirección sur a norte chocó con una motora acuática (*jet ski*) conducida por la codemandada Nasherly González Colón, de trece (13) años, la cual navegaba en dirección oeste a este. La motora acuática pertenecía al padre de la menor, el Sr. Luis González Ortiz, quien se encontraba en la playa. Hacía menos de un (1) mes que éste había adquirido dicho vehículo. Como resultado del accidente, el demandante perdió un diente, fue hospitalizado e intervenido quirúrgicamente en una pierna debido a que se le fracturó el fémur derecho en tres (3) lugares. Tiene una cicatriz de once (11) pulgadas. Padeció fuertes dolores y estuvo un (1) mes en cama. No puede practicar el deporte de vela como lo hacía anteriormente y sufre de dolores en la espalda. Demandó a la menor, a sus padres y a la sociedad de gananciales compuesta por éstos para reclamar compensación por los daños sufridos y honorarios de abogado. Los codemandados contestaron aduciendo que el accidente fue ocasionado por negligencia del demandante. Además, reconvinieron reclamando daños, gastos, costas y honorarios de abogado.

Luego de celebrar vista, el tribunal de instancia concluyó que la menor fue negligente al conducir el vehículo de navegación y que violó la reglamentación existente sobre el manejo de vehículos en el mar al no ceder el paso a la tabla de vela. Determinó, además, que sus padres fueron negligentes al permitirle conducir dicho vehículo sin conocimiento de la reglamentación marítima, y con sólo trece (13) años de edad. Les impuso el pago de treinta mil dólares ($30,000) por concepto de daños generales, valor de la propiedad y lucro cesante; las costas y mil dólares ($1,000) de honorarios de abogado. Denegó la reconvención.

Inconformes, los codemandados recurren ante nos alegando, en síntesis, que erró el tribunal de instancia al aplicar al caso de autos la Ley de Tránsito y Seguridad en los Balnearios y el Reglamento para la Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad, a base

de los cuales determinó que una menor de catorce (14) años no puede operar una motora acuática y que se requiere un curso de navegación para poder operarla. También alegó negligencia comparada por parte del demandante.

Decidimos revisar y expedimos el recurso. Las partes han comparecido y, luego de estudiar y analizar los planteamientos, resolvemos que actuó correctamente el Tribunal a quo. Veamos.

## II

■ Hemos expresado reiteradamente que al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, todo daño o perjuicio, moral o material, da lugar a la correspondiente reparación si concurren tres (3) elementos: primero, si se establece la realidad de un daño sufrido; segundo, si existe un nexo causal entre el daño y la acción u omisión de otra persona, y tercero, si dicho acto u omisión es culposo o negligente. *Hernández v. Fournier*, 80 D.P.R. 93, 96–97 (1957).

■ Bajo este esquema, la doctrina reconoce que una omisión genera responsabilidad civil si constituye conducta ilícita imputable. Es decir, si la omisión del alegado causante de un daño quebrantó un deber impuesto o reconocido por ley, un deber que éste debe ejercer como lo haría un hombre prudente y razonable, con aquel grado de cuidado, diligencia, vigilancia y precaución que las circunstancias exigen. H.M. Brau Del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1986, Vol. I, pág. 173; *Arroyo López v. E.L.A.*, 126 D.P.R. 682, 686 (1990). Por lo tanto, para determinar si se incurrió o no en responsabilidad civil resultante de una omisión, los factores a considerar serán la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño, cuyo incumplimiento constituye antijuricidad, y si de haberse realizado el acto omitido

se habría evitado el daño. *Soc. Gananciales v. G. Padín Co., Inc.*, 117 D.P.R. 94, 106 (1986). Conforme a lo anterior, ante una reclamación basada en responsabilidad por omisión es necesario examinar si existía un deber jurídico de actuar de parte del alegado causante del daño.

## III

La Exposición de Motivos de la Ley Núm. 48, *supra,* Leyes de Puerto Rico, págs. 146–147, señala:

Puerto Rico, por su condición de isla, rodeada de agua, ofrece al ciudadano un escenario natural para disfrutar tanto del baño de mar, como para practicar numerosos deportes acuáticos. Posee, además, espléndidos lagos y cuerpos de agua que son frecuentados por la ciudadanía como lugares de recreación y esparcimiento. La diversión al aire libre, aprovechando estos parajes, se ha convertido en parte esencial de la vida del puertorriqueño en su tiempo de solaz.

. . . . . . . .

Los deportes acuáticos han tomado un auge sin precedentes en los últimos años. Es muy frecuente ver cerca de las orillas de las playas numerosas personas practicando estos deportes, tanto con esquís y tablas como en botes y lanchas, junto a los nadadores y bañistas. Es de conocimiento general los numerosos incidentes que ocurren a diario en las playas de Puerto Rico como consecuencia de esta actividad deportiva; accidentes que han llegado a ocasionar heridas graves e incapacidades, y hasta la muerte. La preocupación de la ciudadanía ante la situación imperante le impide disfrutar a plenitud sus momentos de diversión.[1]

Respondiendo a la preocupación antes mencionada, se aprobó la antedicha ley para reglamentar el uso de embarcaciones y vehículos de navegación en las aguas de Puerto Rico. La declaración de propósitos de la ley, contenida en el Art. 1 (12 L.P.R.A. sec. 1391), dispone:

Se declara política pública del Estado Libre Asociado de Puerto Rico el [sic] propiciar y garantizar a la ciudadanía el

---

[1] Véase, además, Diario de Sesiones de la Asamblea Legislativa (Senado), 15 de mayo de 1986, págs. 3201–3205.

disfrute de las playas, lagos, lagunas y cuerpos de agua de la isla. Con el propósito de cumplir con la responsabilidad de velar por el bienestar y la seguridad de los ciudadanos en sus actividades recreativas y de solaz se provee para que se tomen las medidas de protección y seguridad necesarias.

El Art. 2 de la ley, 12 L.P.R.A. sec. 1391a, en lo pertinente, contiene las definiciones siguientes:

(h) "Embarcación o nave" significa *cualquier embarcación impulsada por un motor* como fuente principal de propulsión, los botes o lanchas de cualquier otra [sic] a excepción de hidroplanos, en uso o capaces de ser usados como medio de transportación por agua.

(i) "Vehículos de navegación" significa las canoas, barcos de vela o remos, esquís acuáticos, tablas para flotar con o sin vela, *motocicletas marinas* y cualquier aparato que se mueve sobre el agua y que sirve para transportar personas o se utiliza para la recreación. (Énfasis suplido.)

■ Por su parte, el Art. 3 de la ley, 12 L.P.R.A. sec. 1391b, le concede la facultad al Departamento de Recursos Naturales para adoptar, promulgar y hacer cumplir aquellas reglas y reglamentos que dicho departamento estime convenientes y necesarios para ejecutar y administrar sus deberes. Conforme a esto, el Departamento de Recursos Naturales aprobó, el 14 de marzo de 1989, el Reglamento para la Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad. La Sec. 26 de este reglamento, denominada *Reglas de Tránsito*, establece que:

[m]ientras opere en aguas dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico[,] toda embarcación será conducida en forma cuidadosa y diligente para evitar accidentes y colisiones. Las siguientes reglas, en adición a otras, deben observarse por toda embarcación o nave en operación:

1. Ninguna persona menor de catorce (14) años de edad operará una *embarcación de motor* en los cuerpos de agua del Estado Libre Asociado de Puerto Rico.

2. Se prohibe que cualquier adulto, sea padre, encargado o tutor autorice o permita a un menor de catorce (14) años operar o conducir un *vehículo o embarcación* en las aguas jurisdiccio-

nales del Estado Libre Asociado de Puerto Rico.(²)

10. *Cualquier embarcación o nave impulsada por maquinaria* cederá vía franca a cualquier otra embarcación navegando a la vela o impulsada por remos. (Énfasis suplido.) Sec. 26 del Reglamento para la Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad, *supra*, págs. 33–37.

Alegan los demandados-recurrentes que el reglamento no aplica a las motoras acuáticas debido a que éste hace referencia en el texto a embarcaciones de motor, y la motora acuática está incluida dentro del concepto de motocicleta marina que contiene la definición de vehículos de navegación. No le asiste la razón. Interpretar el reglamento de esa forma equivaldría a trastocar el esquema de la ley, echando a un lado el propósito del legislador al aprobarla.

Es principio cardinal de hermenéutica que al interpretar una disposición específica de una ley y un reglamento los tribunales siempre deben considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla. Nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener. Tenemos la obligación fundamental de imprimirle efectividad a la intención legislativa, propiciando así la realización del propósito que la ley persigue. *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 523 (1991).

Sobre el estatuto que nos ocupa expresó el legislador, y así consta en su declaración de propósitos, que la finalidad primordial de esta legislación es que se tomen todas las medidas de protección y seguridad necesarias para velar por el bienestar y la seguridad de los ciudadanos en sus actividades recreativas en el mar, así como en

---

(²) La Ley de Tránsito y Seguridad en los Balnearios fue enmendada por la Ley Núm. 79 de 31 de agosto de 1990, para especificar que ninguna persona de dieciséis (16) años de edad operará una embarcación de motor en los cuerpos de agua del Estado Libre Asociado. 12 L.P.R.A. sec. 1393(c).

otros cuerpos de agua. A esos efectos, la Sec. 26(2) del Reglamento para la Inscripción de Embarcaciones de Motor y Reglas de Seguridad, *supra*, prohíbe, sin hacer distinciones o excepciones, que cualquier adulto autorice o permita que un menor de catorce (14) años conduzca un *vehículo o embarcación* en las aguas de Puerto Rico. Además, establece, claramente, que embarcaciones o naves impulsadas por maquinaria, como lo es una motora acuática, cederán vía franca a cualquier embarcación de vela, las que incluyen tablas de vela. Al aprobar dicha sección se tuvo en cuenta el mayor control de manejo por parte del conductor con que cuentan las primeras en comparación con las segundas, las cuales dependen de elementos extrínsecos al vehículo para su manejo como lo son el viento, el oleaje, la fuerza humana, entre otros.

En el caso de autos existían deberes jurídicos de actuar, tanto por parte de la menor conductora de la motora acuática como de sus padres. Todos incumplieron con dichos deberes. El tribunal de instancia determinó que la menor fue negligente en el manejo del vehículo de navegación impulsado por maquinaria al no ceder el paso a la tabla de vela, conforme establece la Sec. 26(10) del Reglamento para la Inspección de Embarcaciones de Motor y Reglas Generales de Seguridad, *supra.* Un aspecto importante que señaló el tribunal como parte de sus determinaciones de hecho fue que el demandante, por la dirección en que navegaba, no tenía visibilidad del oeste franco, mientras que la menor tenía una visibilidad de ciento ochenta (180) grados. En cuanto a los padres de la menor, el tribunal concluyó que éstos fueron negligentes no sólo al permitir que una menor de trece (13) años, su hija, condujera el vehículo marítimo, sino que, además, lo hiciese con total desconocimiento de la reglamentación marítima y de forma negligente. Tanto la menor conductora como sus padres admitieron desconocer que existía la reglamentacion marítima aludida. Los padres ni siquiera se preocuparon por

conocer cuáles eran las reglas que se debían seguir al manejar una embarcación de motor para así podérselas transmitir a su hija antes de permitir que ésta utilizase la motora acuática.

■ Cabe señalar que nuestro ordenamiento jurídico específicamente dispone que "[l]a ignorancia de las leyes no excusa de su incumplimiento". Art. 2 del Código Civil, 31 L.P.R.A. sec. 2. Sobre este particular, el tratadista español Puig Brutau señala, al comentar el Art. 2 del Código Civil español de donde proviene el nuestro, lo siguiente:

> El ordenamiento jurídico existe para regular la vida en común y proporcionar soluciones justas en los conflictos de intereses que se produzcan. Su justificación está en su eficacia y ésta quedaría indebidamente condicionada si se hiciera depender de la circunstancia de que los destinatarios de las normas las conocieran de manera suficiente. Los efectos de las leyes dependerían entonces de la previa eficacia de otras normas que impusieran a todo el mundo el deber de estudiar y conocer el Derecho.
> Aunque lo ideal sería que la eficacia de las leyes coincidiera con su conocimiento, no hay duda que el interés general exige independizar ambos fenómenos y por ello, como dice Lalaguna, se ha abandonado la idea de que el cumplimiento de la ley se funda en el deber de conocerla y se estima más real y conveniente que lo primero esté fundado en "razones objetivas de efectividad social". J. Puig Brutau, *Introducción al Derecho Civil*, Barcelona, Ed. Bosch, 1981, Cap. IX, Sec. 2, pág. 363.

■ Ahora bien, el hecho de que no se cumpla con alguna ley, reglamento o norma establecida no es motivo para que se tenga que responder civilmente por un daño, a menos que exista relación causal entre dicha violación y el daño causado. *Pacheco v. A.F.F.*, 112 D.P.R. 296, 302 (1982). En el caso de autos, no nos cabe la menor duda de que los daños ocasionados al demandante recurrido fueron el producto de la violación y el desconocimiento por parte de los demandados recurrentes de la reglamentación marítima antes mencionada. De haber conocido y seguido la menor demandada las reglas sobre la navegación y cedido la "vía

franca" al demandante, el accidente no hubiese ocurrido. Tampoco hubiese ocurrido si los padres de la menor no le hubiesen permitido el uso de la motora acuática a su hija menor de trece (13) años.

■  Finalmente, debemos señalar que es norma reiterada de este Tribunal el no intervenir con la apreciación que de la prueba desfilada haya hecho el foro de instancia en ausencia de pasión, perjuicio, parcialidad o error manifiesto. Los recurrentes no aducen fundamentos válidos que ameriten que intervengamos con la apreciación de la prueba realizada por el tribunal sentenciador mediante la cual determinó que hubo negligencia exclusiva por parte de los demandados recurrentes. *Levy v. Aut. Edif. Públicos*, 135 D.P.R. 382 (1994); *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 D.P.R. 545 (1992); *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985); *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721 (1984).

Por los fundamentos antes expuestos, *se dictará sentencia confirmando la sentencia del Tribunal de Primera Instancia, Sala Superior de Ponce, de 11 de mayo de 1993.*