*478 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Vicencio Cabrera González (en adelante, el apelante). Nos solicita revisemos la Sentencia emitida y notificada el 18 de agosto de 2004, por el Tribunal de Primera Instancia (en adelante, TPI). Por razón de la misma, el foro de instancia desestimó la demanda de autos incoada por el apelante. El 15 de octubre de 2004, el TPI resolvió la moción de determinación de hechos adicionales que fuera presentada.
Habiendo analizado tanto los escritos presentados por las partes como los autos originales del caso que nos ocupa, y a la luz del derecho aplicable, dictaminamos confirmar la Sentencia apelada.
I
El 5 de agosto de 1999, el apelante instó la demanda de marras en contra de la Sra. María del Carmen Pastrana (en adelante, la apelada), solicitando la división de una comunidad de bienes alegadamente habida con ésta. Alegó, tener una participación en común pro indiviso del 50% sobre la siguiente propiedad:

“URBANA: Solar radicado en el sitio conocido con el nombre Barrio Obrero de Santurce, de San Juan, marcado con el número de la Calle Tres (3) del Plano de Urbanización trazado por la División de Hogares, que tiene una superficie de CIENTO SETENTA Y SEIS PUNTO CARENTA Y OCHO (176.48) metros cuadrados. En lindes por el frente, en diez metros con la Calle Tres (3); por la derecha entrando, en diecisiete punto setenta y cinco metros con el solar Once de la Calle Tres (3); por la izquierda entrando en diecisiete punto cuarenta y cuatro metros con el solar Siete de la Calle Tres (3); por el fondo, diez metros con el solar diez de la Calle Dos (2).”

Planteó que la referida propiedad aparece inscrita mediante Escritura Pública en el Registro de la Propiedad tanto a nombre del apelante como de la apelada. Con fecha de 15 de septiembre de 1999, la apelada presentó su contestación a la demanda, por la cual, en síntesis, aceptó la existencia de la aludida Escritura, pero esgrimió que la comparecencia del apelante a la misma se debió a la coacción ejercida por éste. Presentó, además, una Reconvención por la cual manifestó que durante su período de convivencia, el apelante le agredió física y mentalmente, al extremo inclusive de haberla amenazado de muerte. Asimismo, indicó que la propiedad en cuestión había sido adquirida exclusivamente con unos fondos privativos de ésta. Alegó, además, que durante la relación, el apelante controló sus fondos, privándole así de hacer uso de los mismos.
A esos efectos, peticionó al TPI que le declarase como única y exclusiva dueña de la propiedad en controversia. El 6 de diciembre de 1999, el apelante contestó la reconvención presentada. Allí, plasmó, entre otras cosas, lo siguiente:

“[...] se acepta que el dinero utilizado para la compra del bien inmueble, en controversia, fue producto de la transacción sobre un caso de daños y perjuicios de la demandada-reconvenida (sic). Se alega afirmativamente que no obstante lo anterior mediante la Escritura número cincuenta la demandada-reconveniente reconoció la comunidad del bien inmueble objeto de controversia y/o se materializó una donación subyacente a favor del demandante reconvenido. ” 

Asimismo, el apelante admitió haber controlado el dinero de la apelada alegadamente para asistirla a “controlar sus gastosEl 18 de diciembre de 2000, el apelante presentó una moción de sentencia sumaria aduciendo la inexistencia de controversia en los hechos medulares del caso. Ante ello, la apelada presentó *479 una réplica afirmando que existía controversia sobre la alegada participación del apelante en un 50% de la propiedad. De igual forma, esta parte acotó que la única razón por la cual el apelante tuvo participación en la Escritura, obedeció a la intimidación de daño físico ejercida por éste sobre la persona de la apelada. 
Así las cosas, luego de denegada la sentencia sumaria según solicitada, el 4 de febrero de 2004 se procedió a celebrar la vista en su fondo del caso de marras. Posteriormente, el 13 de julio de 2004, el TPI dictó la Sentencia apelada. En la misma, el foro a quo declaró No Ha Lugar la demanda de autos, y Con Lugar la Reconvención presentada por la aquí apelada. En consecuencia, declaró como única y exclusiva dueña de la propiedad en controversia a la parte apelada. Luego de haberse denegado una moción de determinación de hechos adicionales presentada por el apelante, éste acudió oportunamente ante nos aduciendo los siguientes señalamientos de error:

“ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL SOSLAYAR LA FUNCIÓN DEL NOTARIO Y AL OBVIAR LA FE PÚBLICA NOTARIAL, ASÍ COMO NO HABER DECLARADO NULA Y/O MODIFICADO LA ESCRITURA NÚMERO CINCUENTA.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR EL ASIENTO DE INSCRIPCIÓN DEL REGISTRO DE LA PROPIEDAD Y AL NO ORDENARLE POSTERIORMENTE LA ANULACIÓN Y/O MODIFICACIÓN DE DICHO ASIENTO DE INSCRIPCIÓN.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL APELANTE SE APROPIO DE LOS FONDOS BANCARIOS DE LA APELADA CUANDO ÉSTA TENIA UN PROBLEMA DE DROGADICCIÓN Y POR TAL RAZÓN SE RETIRARON DICHOS FONDOS. ”

Luego de varias incidencias de índole procesal, se presentó la transcripción de la vista en su fondo. El 6 de junio de 2005, mediante Resolución, concedimos a ambas partes un término para presentar sus alegatos suplementarios. El 9 de junio de 2005, la parte apelante presentó el mismo.
II
Bajo nuestro ordenamiento civil, ningún copropietario está obligado a permanecer en la comunidad de bienes y puede pedir en cualquier momento que se divida la cosa común. Art. 334 del Código Civil, 31 L.P.R.A see. 1278. En nuestra jurisdicción, la comunidad de bienes está reglamentada por los contratos que las crean, las disposiciones especiales aplicables y, a falta de éstos, por lo dispuesto en los Arts. 326-340 del Código Civil, 31 L.P.R.A. sees. 1271-1285.
Así pues, el Art. 326 del Código Civil dispone que existe una comunidad de bienes, “Cuando la propiedad de una cosa o de un derecho pertenece pro indiviso a varias personas”. 31 L.P.R.A. see. 1271. Es decir, “se trata de una situación en que dos o más personas son titulares de un mismo derecho, o lo que es lo mismo, cuando un derecho o conjunto de derechos están atribuidos a una pluralidad de sujetos, correspondiéndoles en común”. Asoc. Res. Urb. Sgdo. Corazón, Inc. v. Arsuaga Álvarez, 2003 J.T.S. 145, citando a F. Puig Peña, Compendio de Derecho Civil Español, 3ra. ed. rev., Madrid, Ed. Pirámide, 1976, T. II, pág. 259. Además, la participación de los comuneros en la administración de la cosa tenida en común, así como su parte en el activo y pasivo de la misma, será proporcional a sus respectivas cuotas. Conforme el Art. 327 del Código Civil, las cuotas habrán de presumirse iguales en ausencia de prueba en contrario. 31 L.P.R.A. see. 1272.
El Tribunal Supremo ha manifestado, además, que puede probarse la existencia de una comunidad de bienes, ya “[...] sea porque así se hubiese convenido expresamente, o sea porque la conducta de las partes — la relación humana y económica entre ellas — , demuestra que se obligaron implícitamente a aportar, y aportó cada una bienes, esfuerzo y trabajo para beneficio común. En defecto de probar dicho pacto expreso o implícito, es decir, que no se pruebe la existencia de la comunidad de bienes, [la parte demandante] podría *480 probar que aportó bienes, valores y servicios, que éstos produjeron ganancias, y como un acto justiciero para evitar el enriquecimiento injusto de la otra parte, reclamar el valor de dichos bienes, valores y servicios y sus correspondientes ganancias Caraballo Ramírez v. Acosta, 104 D.P.R. 474 (1975), a la pág. 481; Domínguez Maldonado v. E.L.A., 137 D.P.R. 954 (1995); Ortiz de Jesús v. Vázquez Cotto, 119 D.P.R. 547 (1987).
Habida cuenta de ello, se ha reiterado que los tribunales apelativos se deben abstener de intervenir o sustituir las determinaciones de hechos tomadas por el juzgador de hechos, en ausencia de prejuicio o error manifiesto. Flores v. Soc. de Gananciales, 146 D.P.R. 45 (1998); Monllor Arzola v. Soc. de Gananciales, 138 D.P.R. 600 (1995). Esta consabida norma, es de aplicación también para la adjudicación de credibilidad que hiciere el juzgador de hechos. Ibid. López Vicil v. ITT Intermedia, Inc., 142 D.P.R. 857 (1997); Quiñones López v. Manzano Posas, 141 D.P.R. 139 (1996); Orta v. Padilla, 137 D.P.R. 927 (1995). Por ello, no habremos de intervenir con la apreciación de la prueba realizada por el foro de instancia, sino cuando la evidencia sea imposible o increíble de creer. Pueblo v. Rivero Diodonet, 121 D.P.R. 454 (1988).
No obstante, a pesar de la deferencia merecida al foro apelado, hemos de intervenir con la apreciación hecha por éste en caso de abuso de discreción, o en casos en los que haya actuado animado por pasión, parcialidad, prejuicio o error manifiesto. Asimismo, precisa señalar que en aquellos casos en los que estén en cuestión factores subjetivos, el juzgador de hechos, por razón de haber escuchado y apreciado el demeanor de los testigos, es quien mejor está situado para aquilatar la prueba desfilada. López Vicil v. ITT Intermedia, Inc., supra; Ortiz v. Cruz Pabón, 103 D.P.R. 939 (1975).
Además, precisa señalar que en torno a la prueba contradictoria ofrecida por ambas partes, el Tribunal Supremo de Puerto Rico ha manifestado que, “[...] cuando existe conflicto entre las pruebas corresponde precisamente al juzgador de los hechos dirimirlo [....]”. Citas omitidas. Flores v. Soc. de Gananciales, supra, a la pág. 50. 
Analizada la controversia bajo el crisol doctrinario previamente esbozado, estamos en posición de resolver. Así lo hacemos.
III
Por estar intrínsecamente relacionados, atenderemos en conjunto los errores señalados.
En el caso que nos ocupa, el apelante arguye, en síntesis, que el TPI erró al adjudicar que la propiedad en cuestión pertenece exclusivamente a la apelada, denegando así la existencia de una comunidad de bienes entre estos. No le asiste la razón.
De entrada, precisa señalar que el TPI halló probado que la razón por la cual el apelante fue incluido en la Escritura obedeció a la intimidación provocada por éste en la apelada. Ello, disipó la presunción de que existía válidamente una comunidad expresa y con participaciones iguales. Como corolario, la jurisprudencia dispone que en ausencia del pacto expreso a esos efectos, para que se concibiera configurada una comunidad de bienes de forma implícita, era imprescindible que el apelante probara que aportó bienes, valores y servicios, y que éstos produjeron ganancias. Lo anterior, responde sin duda al deseo de evitar que una parte en una comunidad se aprovechara del esfuerzo del otro comunero.
Huelga decir, sin embargo, que de la prueba recibida y aquilatada por el TPI, surgió de forma indubitada que el apelante no contribuyó a la adquisición de la propiedad en controversia. Ello no ha sido debidamente cuestionado ante nos, ni controvertido por el apelante. Al contrario, éste ha admitido que la totalidad del dinero utilizado para la adquisición de la propiedad provino de la compensación por daños recibida por la apelada cuando era aún una menor. De igual forma, éste tampoco ha logrado contravenir las determinaciones del *481 tribunal de instancia en cuanto a que no probó que aportara bienes, valores y servicios a la comunidad.
En contrario, la apelada presentó evidencia de que los arreglos y demás gastos llevados a cabo para las mejoras de la aludida propiedad, fueron sufragados con su capital en concordancia con los retiros de su cuenta bancaria. Como dijéramos, los tribunales apelativos deben abstenerse de intervenir o sustituir las determinaciones de hechos tomadas por el juzgador de hechos, en ausencia de prejuicio, error o pasión. Al tenor con esto, la paite apelante estaba compelida a demostrar que el foro a quo erró en su apreciación de la prueba. Flores v. Soc. de Gananciales, supra. No lo hizo. En consecuencia, no estamos en posición de intervenir con la apreciación de la prueba realizada por el foro de instancia, en especial cuando la evidencia no es imposible de creer. Pueblo v. Rivero Diodonet, supra.
Por último, la parte apelante alega en la alternativa que en vista de que el TPI halló que hubo vicio en el consentimiento de la apelada, el negocio de compraventa era nulo. Yerra en su apreciación. El hecho de que el TPI encontró que hubo vicio en el consentimiento de la apelada para los efectos de la creación de la alegada comunidad, no es óbice para preservar la integridad del negocio de compraventa. Ese negocio jurídico tuvo objeto, causa y consentimiento, pues no albergamos dudas de que la apelada pretendía adquirir la propiedad para sí y con sus fondos. La realidad fáctica dicta que la propiedad fue adquirida exclusivamente con el peculio de la apelada y por tanto, no medió una comunidad de bienes ni mucho menos una donación al apelante. El que el apelante haya logrado mediante el uso de la intimidación ser incluido en la Escritura, en contra de la voluntad de la apelada, en nada macula la validez del negocio de compraventa. No erró el tribunal de instancia.
IY
Por los fundamentos anteriormente expresados, se modifica la Sentencia apeladti a los únicos efectos de devolver el caso al tribunal apelado, para que acorde los trámites pertinentes se ordene al Registrador de la Propiedad hacer la anotación correspondiente en los libros a su cargo para conformar así la realidad jurídica con la registra! Se ordena a la Secretaria del Tribunal que remita los autos originales al Tribunal de Primera Instancia junto con el mandato.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones