Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| OLGA IRIS MONTIJO CRUZ **Peticionaria** V. SUCN. ANDRES RIVRA LABOY Y OTROS **Recurrida** | KLCE202400328 | *CERTIORARI* procedente del Tribunal de Primera Instancia Arecibo Caso Núm: AR2019CV01638 Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de abril de 2024.

El 18 de marzo de 2024, la Sra. Olga Iris Montijo Cruz (señora Montijo o peticionaria) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una Resolución que se dictó el 5 de febrero de 2024 y se notificó el 6 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la Sentencia Sumaria que presentó la peticionaria.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El 23 de agosto de 2021, la señora Montijo presentó una *Segunda Demanda Enmendada* en contra de la sucesión del Sr. Andrés Laboy Rivera (parte demandada o recurrida).[1] En esta, alegó que convivió con el Sr. Andrés Laboy Rivera (señor Rivera), sin casarse con este último, desde el año 1988 hasta el año 1996 en el Estado de Chicago. Adujo, que en el año 1996 se trasladó a Puerto

---

[1] Véase, págs. 78-82 del apéndice del recurso.

Rico y arrendó una propiedad perteneciente a la Sra. María Luisa Guzmán Soto (señora Guzmán) y en el año 1998 el señor Rivera se trasladó a Puerto Rico y convivió con esta nuevamente en la propiedad antes mencionada. Indicó que posteriormente, mediante la Escritura Núm. 150 de Compraventa, adquirió la propiedad de la señora Guzmán y que en dicha escritura erróneamente aparecía que estaba casada con el señor Rivera. Añadió que, de igual forma, se otorgó la Escritura Núm. 151 de Hipoteca sobre la propiedad antes mencionada y que también aparecía casada con el señor Rivera a pesar de que, según ella, estos nunca se casaron legalmente. Asimismo, sostuvo que ella pagaba la hipoteca desde que se otorgaron las respectivas escrituras y que, en el 2009, el señor Rivera falleció y ella continúo pagando la hipoteca. Específicamente puntualizó que, aunque aparecía junto al señor Rivera en las referidas escrituras, siempre fue la que pagó todo lo relacionado a la propiedad por lo que solicitó que se le ordenara al Registro de la Propiedad que eliminara el nombre del señor Rivera y se le inscribiera como única dueña de la propiedad en su totalidad.

En respuesta, el 27 de septiembre de 2021, la parte demandada presentó su *Contestación a Segunda Demanda Enmendada* y una reconvención.[2] En esencia, negaron la mayoría de las alegaciones que presentó la señora Montijo en su Demanda y presentaron sus defensas afirmativas. Específicamente, alegaron que la peticionaria y el señor Rivera tuvieron una comunidad de bienes que duró 21 años. Así pues, como parte de su reconvención, solicitaron la liquidación de la comunidad de bienes antes mencionada.

Luego de varios trámites procesales que no son pertinentes discutir, el 13 de septiembre de 2023 la peticionaria presentó una

---

[2] Íd., págs. 83-86.

*Moción en Solicitud de Sentencia Sumaria.*[3] En primer lugar, enumeró veintidós (22) hechos que, a su juicio, no estaban en controversia. Luego, argumentó que los hechos antes mencionados y la prueba documental incluida como parte de la solicitud de sentencia sumaria eran suficientes para evidenciar que la parte demandada no tenía derecho alguno sobre la propiedad objeto de la presente controversia ya que el señor Rivera presuntamente no aportó monetariamente a la adquisición, hipoteca o reparaciones a la propiedad por lo que no podía existir una comunidad de bienes entre ellos. Así pues, solicitó que el TPI declarara Ha Lugar la sentencia sumaria.

Así las cosas, el 17 de octubre de 2023, los recurridos presentaron una *Moción en Oposición a Solicitud de Sentencia Sumaria.*[4] En síntesis, esbozaron los hechos que entendían que estaban en controversia y los que no. A base de ello, concluyeron que no se debía dictar sentencia sumaria toda vez que existía una controversia real sobre la comunidad de bienes que presuntamente constituyeron las partes.

Evaluadas las posturas de ambas partes, el 5 de febrero de 2024 el TPI dictó una *Resolución* que se notificó el 6 de febrero de 2024.[5] En esta, realizó doce (12) determinaciones de hechos y estableció cuatro (4) hechos que consideraba que estaban en controversia e impedían que se dictara Sentencia Sumaria. Estos hechos son los siguientes:

1. ¿Poseía la Demandante la capacidad de pago para la compra de la propiedad y la capacidad de pago de la hipoteca?

2. En caso de no poseer la capacidad de pago, ¿cómo logró la demandante cumplir con los pagos correspondientes?

---

[3] Íd., págs. 159-174.
[4] Íd., págs. 793-811.
[5] Íd., págs. 1-4.

3. ¿Existió entre el Sr. Andrés Laboy Rivera y la Sra. Olga Iris Montijo Cruz una comunidad de bienes en la propiedad en controversia?

4. En caso de ser en la afirmativa la anterior respuesta, ¿cuál es la participación de cada uno en esa comunidad?

Así pues, declaró No Ha Lugar la solicitud de Sentencia Sumaria que presentó la peticionaria. Inconforme con este dictamen, el 20 de febrero de 2024, la señora Montijo presentó una solicitud de reconsideración.[6] El 20 de febrero de 2024, el TPI dictó una *Resolución* que se notificó el 21 de febrero de 2024 mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[7]

Aún en desacuerdo, el 18 de marzo de 2024, la peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Primer Error: Erró el Honorable Tribunal de Primera Instancia al no realizar las determinaciones de hechos conforme a la prueba sometida por ambas partes ignorando así al menos dieciséis (16) determinaciones materiales sustentadas por la peticionaria, con prueba admisible en evidencia que no fueron controvertidas por la parte peticionada.**

**Segundo Error: Erró el Honorable Tribunal de Primera Instancia al no eliminar la oposición de la parte peticionada a pesar de que esta no cumple con la Regla 36.3 de las de Procedimiento Civil o lo establecido en el caso SLG Zapata Rivera v. J.E. Montalvo, supra, y, por lo tanto, todos los hechos incontrovertidos plasmados en la Sentencia Sumaria debieron ser admitidos.**

**Tercer Error: Erró el Honorable Tribunal de Primera Instancia al denominar como controversias de hechos asuntos que realmente son controversias de derecho a favor de la peticionaria por la vía sumaria y a la luz del derecho aplicable conforme las doctrinas establecidas en los casos Ortiz de Jesús v. Vázquez, 119 DPR 547 (1987); Cruz v. Sucn. Landrau Díaz, 97 DPR 578 (1969); y Quetglas v. Carazo, 134 DPR 644 (1993); Díaz v. Aguayo, 162 DPR 801 (2004) y Caraballo vs. Acosta, 104 DPR 474 (1975).**

**Cuarto Error: Erró el Honorable Tribunal de Primera Instancia al emitir Resolución citando a Domínguez v. ELA, 137 DPR 954 porque sus hechos son completamente distinguibles del caso de marras.**

---

[6] Íd., págs. 6-16.
[7] Íd., pág. 17.

Atendido el recurso, el 20 de marzo de 2024, emitimos una Resolución concediéndole a la parte recurrida hasta el 1 de abril de 2024 para presentar su postura en cuanto al recurso. Oportunamente, la parte recurrida presentó un *Alegato en Oposición A Certiorari* y negó que el TPI cometiera los errores que la señora Montijo le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios

Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error

en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

-B-

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil, 32 LPRA. Ap. V, R. 36, tiene el propósito primordial de proveer una solución justa, rápida y económica en aquellos casos en que surja de forma clara que no existen controversias materiales de hechos que requieren ventilarse en un juicio plenario y el derecho así lo permita. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015).

Particularmente, la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, permite que cualquier parte presente una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la totalidad o alguna parte de la reclamación. *Municipio de Añasco v. ASES et al.*, 188 DPR 307, 326 (2013). Al solicitar dicho remedio, la parte que promueve la sentencia sumaria "deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". Íd.

Solicitada la sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia, la parte que se opone a la sentencia sumaria no puede tomar una actitud pasiva y descansar en las aseveraciones o negaciones consignadas en su alegación. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018). Por el contrario, dicha parte tiene que refutar los hechos alegados y sustanciar su posición con prueba consistente en contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. Íd. Es decir, esa persona viene obligada a enfrentar la moción de su adversario

de forma tan detallada y especifica como lo ha hecho el promovente en su solicitud puesto que, si incumple con lo antes mencionado corre el riesgo de que se dicte sentencia es su contra.  Regla 36.3 de Procedimiento Civil, *supra*; *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Ahora bien, según estableció el Tribunal Supremo en el caso *Verá v. Dr. Bravo*, 161 DPR 308, 334-335 (2004), los foros revisores utilizarán los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sobre el particular, en *Meléndez González et al. v. M. Cuebas,* supra, pág. 118, el Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar de *novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y con los discutidos en *SLG Zapata-Rivera v. J. Montalvo, supra;* (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar de *novo* si el TPI aplicó correctamente el derecho. Véase, además, *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

Del mismo modo, el Tribunal Supremo ha reiterado que a menos que existan circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto y que la apreciación de la prueba se distancie de la realidad fáctica o esta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad

hechas por el juzgador de los hechos. *Flores v. Soc. de Gananciales,* 146 DPR 45, 49 (1998). En otras palabras, las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye tal determinación. *Rolón v. Charlie Car Rental Inc.,* 148 DPR 420, 433 (1999).

## III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

## IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones