Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FIRST CLASS BODY SHOP, INC.<br><br>RECURRIDA<br><br>v.<br><br>**INVERSIONES EMRA, INC**.<br><br>PETICIONARIOS | KLCE202500353 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. D DP2015-0707<br><br>Sobre: Daños y Perjuicios |
| LUIS DANIEL HIDALGO RIVERA<br><br>DEMANDANTE<br><br>v.<br><br>JOSÉ ORLANDO RIVERA PARÉS Y OTROS<br><br>DEMANDADOS | | Caso Núm. D DP2015-0865<br><br>Sobre: Daños y Perjuicios |
| JAVIER CRESPO IRIZARRY<br><br>DEMANDANTE<br><br>v.<br><br>FIRST CLASS BODY SHOP, INC.<br><br>DEMANDADA | | Caso Núm. D DP2016-0084<br><br>Sobre: Daños y Perjuicios |
| COOP. DE SEGUROS MÚLTIPLES<br><br>DEMANDANTE<br><br>v.<br><br>JOSÉ O. RIVERA Y OTROS<br><br>DEMANDADOS | | Caso Núm. D DP2016-0360<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2025.

### I.

El 7 de abril de 2025, Inversiones EMRA, Inc. (Inversiones EMRA o parte peticionaria) y la Asociación de Garantía de Seguros

Misceláneos de Puerto Rico (AGSM) presentó el recurso de *Certiorari* en el que nos solicitó que revoquemos la *Resolución* emitida el 30 de septiembre de 2024 y notificada el 3 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1] En el aludido dictamen, el TPI denegó la *Moción de Sentencia Sumaria*, presentada por la parte peticionaria, acogiendo los argumentos en oposición radicados por el señor Javier Crespo Irizarry (el señor Crespo Irizarry o parte recurrida), First Class Body Shop, Inc. (First Class o parte recurrida) y Universal Insurance Company (Universal o parte recurrida) y declaró Sin Lugar la referida *Moción de Sentencia Sumaria.*

El 10 de abril de 2025, emitimos una *Resolución* en la que le concedimos diez (10) días a las partes recurridas para que presentaran su posición, sobre los méritos del recuros.

El 24 de abril de 2025, el señor Luis Daniel Hidalgo Rivera, la señora Carmen V. Rivera Santiago y el señor Agapito Saldaña Rivera, presentaron una *Moción solicitando prórroga* en la que solicitaron que le concediéramos una prórroga de sesenta (60) días para radicar su oposición.

Simultáneamente, el señor Crespo Irizarry presentó una *Oposición a expedición de certiorari* en la que solicitó que deneguemos la expedición del auto de *certiorari* puesto que aún existen hechos en controversia pendientes por resolverse en el juicio.

El 28 de abril emitimos una *Resolución* en la que le concedimos una prórroga <u>final</u> de veinte (20) días al señor Luis Daniel Hidalgo Rivera, la señora Carmen V. Rivera Santiago y el señor Agapito Saldaña Rivera para que presentaran su oposición.

---

[1] Apéndice del Certiorari, Anejo 16, págs. 2020-2031.

El 22 de mayo de 2025, dichas partes presentaron una *Moción solicitando desistimiento* en la que nos informaron que desean desistir del pleito ante el TPI, con perjuicio. Asimismo, indicaron que el resto de las partes no tuvieron objeción a ello.

El 28 de mayo de 2025, emitimos una *Resolución* en la que le concedimos cinco (5) días a la parte peticionaria para que muestre causa por la que no se debía desestimar este recurso por académico en virtud de la *Moción* presentada por dichas partes.

El 5 de junio de 2025, Inversiones EMRA radicó una *Moción en cumplimiento* en la que reiteró su súplica para que declaremos Ha Lugar la *Moción de Sentencia Sumaria* debido a que no se le debía imponer responsabilidad por los daños ocasionados en el incendio que ocurrió en las facilidades que arrenda. Recordó que todavía subsisten las reclamaciones incoadas en su contra en otros pleitos consolidados.

El 10 de junio de 2025, emitimos una *Resolución* en la que informamos que resolveremos oportunamente la controversia.

Contando con el beneficio de la comparecencia de la parte peticionaria y una sola parte recurrida, damos por perfeccionado el presente recurso. En aras de resolver el mismo, pormenorizamos el trasfondo procesal y fáctico del caso.

**II.**

El caso de marras tiene su génesis, el 15 de octubre de 2015, cuando First Class presentó una *Demanda* en la que alegó que el 16 de mayo de 2015, ocurrió un incendio que ocasionó varios daños en su negocio de hojalatería, First Class. [2] Dicho incendio, alegadamente ocurrió en el taller de ebanistería, MA-De-Stilo (Madestilo), el cual es contiguo con First Class. En la *Demanda*, First Class argumentó que el Cuerpo de Bomberos le indicó que el fuego

---

[2] Íd., Anejo 1, págs. 1-5.

inició en el taller Madestilo ante la falta de mantenimiento en la cablería del sistema eléctrico. Por otro lado, First Class indicó que Inversiones EMRA era el arrendador de las facilidades en donde se ubicaba su taller de hojalatería y el de Madestilo. Ante ello, le imputó responsabilidad a Inversiones EMRA por incumplir con el mantenimiento de las facilidades que arrenda. Asimismo, First Class le reclamó a la aseguradora de Inversiones EMRA, Integrand Insurance Company (Integrand), la cuantía equivalente a los daños sufridos, pero esta no respondió. Por ende, First Class solicitó que el TPI ordenara el pago de la cuantía de seiscientos quince mil dólares ($615,000.00) en concepto de los daños sufridos.

Consta en el expediente que, el 24 de noviembre de 2015, el señor Luis Daniel Hidalgo Rivera, la señora Carmen V. Rivera Santiago y el señor Agapito Saldaña Rivera radicaron una *Demanda* en la que le reclamaron a Inversiones EMRA, Madestilo, Integrand, Universal, entre otros, los daños generados por el incendio puesto que su vehículo de motor se encontraba en el taller el día del incendio.[3] En particular, el señor Luis Daniel Hidalgo alegó que era el dueño registral del mencionado vehículo, y que el mismo fue consumido por las llamas de fuego. Ante ello, Inversiones EMRA presentó una *Contestación a Demanda* en la que negó las alegaciones de negligencia.

Así las cosas, el 3 de febrero de 2016, el señor Crespo presentó una *Demanda* en contra First Class, Inversiones EMRA, Madestilo, Integrand y Universal en la que reclamó varios daños generados por el incendio.[4]

Oportunamente, Inversiones EMRA presentó una *Contestación a Demanda y Reconvención* en la que sostuvo que no era responsable de los daños sufridos por First Class, a

---

[3] Según expuesto en el recurso de *Certiorari*.
[4] Íd.

consecuencia del incendio.[5] En su *Reconvención,* la parte peticionaria alegó que First Class debía responderle por los daños que sufrió el establecimiento que le arrendó.[6]

Según expuesto en el recurso de *Certiorari*, la Cooperativa de Seguros Múltiples presentó una *Demanda* de Cobro de Dinero y Subrogación en contra de First Class, Inversiones EMRA, Madestilo y el señor José O. Rivera Parés, dueño de First Class, en la que alegó ser la aseguradora de un vehículo de motor que fue consumido en el incendio por encontrarse en el taller de hojalatería.

Tras varios trámites procesales, la parte peticionaria alegó que el TPI emitió una *Orden* en la que consolidó los casos de epígrafe.

El 13 de febrero de 2023, Inversiones EMRA presentó una *Moción de Sentencia Sumaria* en la que solicitó que el TPI desestimara todas las causas de acción en su contra por insuficiencia de prueba.[7] Cónsono con lo anterior, la parte peticionaria alegó que no hay evidencia que arrojara que esta era responsable por el origen del fuego. La parte peticionaria sostuvo sus alegaciones con los documentos que habían surgido durante el descubrimiento de prueba. Por ende, solicitó que el foro primario declarara Ha Lugar la *Moción de Sentencia Sumaria* y dictara *Sentencia Sumaria Parcial.*

El 16 de febrero de 2023, notificada el 22 de febrero de 2023, el TPI emitió una *Orden* en la que le concedió cuarenta y cinco (45) días a las demás partes para que repliquen.[8]

El 24 de febrero de 2023, First Class y Universal presentaron una *Oposición a Moción de Sentencia Sumaria* en la que alegaron que no debía proceder la *Moción de Sentencia Sumaria* radicada por la parte peticionaria, debido a que estaba basada en "meras

---

[5] Apéndice del Certiorari, Anejo 2, págs. 6-11.
[6] Íd., Anejo 2, pág. 10.
[7] Apéndice del Certiorari, Anejo 3, págs. 12-698.
[8] Íd., Anejo 4, págs. 699-700.

alegaciones" y no prueba.[9] Asimismo, adujeron que, la parte peticionaria no demostró que se le debía eximir de responsabilidad pese a que era el arrendador del local. Además, indicaron que, las personas con conocimiento del incendio y la prueba documental arrojaban a que el incendio fue originado en el taller de ebanistería. Consecuentemente, se debía declarar No Ha Lugar la *Moción de Sentencia Sumaria*.

El 15 de marzo de 2023, el señor Crespo Irizarry radicó una *Oposición a moción de sentencia sumaria* en la que arguyó que varios documentos acreditaban que el incendio tuvo su génesis en el taller de ebanistería.[10] De igual modo, varios oficiales de la Policía y del Cuerpo de Bomberos inspeccionaron el local y razonaron que el origen del fuego fue en Madestilo. Sin embargo, ante varias controversias de hechos suscitadas y la parte peticionaria ser el arrendador del local, argumentó que no procedía la *Moción Solicitando Sentencia Sumaria* radicada por la parte peticionaria.

Simultáneamente, First Class Body y Universal presentaron una *Oposición a solicitud de sentencia sumaria* en la que indicaron que adoptaron por referencia lo expuesto en la *Moción de Sentencia Sumaria,* previamente presentada el 16 de febrero de 2016, y la *Moción Suplementando Moción de Sentencia Sumaria* radicada el 24 de febrero de 2023.[11] A su vez, enumeraron varios hechos que entendían que estaban en controversia.

El 31 de marzo de 2023, el señor Luis Daniel Hidalgo Rivera, la señora Carmen V. Rivera Santiago y el señor Agapito Saldaña Rivera presentaron una *Oposición a Moción solicitando Sentencia Sumaria* en la que argumentaron que existían controversias reales

---

[9] Íd., Anejo 6, págs. 763-796.
[10] Íd., Anejo 8, págs. 799-825.
[11] Íd., Anejo 9, págs. 826-1458.

de hechos, toda vez que hay contradicción entre los informes periciales presentados y dónde se originó el fuego.[12]

Tras varios trámites procesales, el 30 de septiembre de 2024, notificadas el 3 de octubre de 2024, el TPI emitió dos (2) *Resoluciones.* No obstante, abundaremos acerca de la *Resolución* que versa sobre la controversia ante nos.

En la *Resolución* el TPI formuló veintiséis (26) determinaciones de hechos no controvertidos.[13] Por otro lado, el foro primario determinó que los siguientes hechos están en controversia:

1. Si previo al 16 de mayo de 2015, los arrendatarios no habían tenido en sus facilidades problemas con la toma eléctrica.
2. Si previo al 16 de mayo de 2015, ni Madestilo, ni First Class, habían reportado a EMRA problemas estructurales ni eléctricos en el Edificio.
3. Si el lugar de origen del incendio fue el taller de ebanistería o el taller de hojalatería, ya que dos (2) peritos distintos tienen conclusiones diferentes en sus informes.[14]

El TPI resolvió que no procedía dictar *Sentencia Sumaria* toda vez que aún existen varios hechos en controversia. Por ende, los hechos en controversia debían dilucidarse durante el juicio y procedía declarar Sin Lugar la *Solicitud de Sentencia Sumaria.*

Oportunamente, Inversiones EMRA presentó una *Moción solicitando reconsideración de Resolución sobre Moción de Sentencia Sumaria presentada por EMRA y AGSM* en la que insistió que no había controversia real de hechos en cuanto a que no se le podía atribuir algún acto en su contra por los daños generados a consecuencia del incendio.[15]

El 20 de noviembre de 2024, el señor Luis Daniel Hidalgo Rivera y otros radicaron una *Moción en oposición a la reconsideración de EMRA y AGSM* en la que alegó que Inversiones EMRA era

---

[12] Íd., Anejo 11, págs. 1965-1970.
[13] Íd., Anejo 16, págs. 2020-2039.
[14] Íd., Anejo 16, pág. 2026.
[15] Íd., Anejo 18, págs. 2043-2061.

responsable por los daños que sufrió su vehículo al no ejercer el mantenimiento del local. Además, aún hay varios hechos en controversia por lo que no procede la reconsideración.[16]

El 20 de noviembre de 2024, el señor Crespo Irizarry presentó *Oposición a moción de reconsideración* en la que alegó que no procedía la *Moción de reconsideración* radicada por la parte peticionaria puesto que había varios hechos en controversia.[17]

Luego de varias mociones presentadas por las partes, el TPI emitió una *Orden* el 5 de marzo de 2025, notificada el 7 de marzo de 2025, en la que declaró Sin Lugar la *Moción solicitando reconsideración de Resolución sobre Moción de Sentencia Sumaria presentada por EMRA y AGSM.*[18]

Inconforme, Inversiones EMRA acudió ante nos e imputó que el TPI cometió los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia de Bayamón al no determinar que los demandantes no tienen prueba para sostener sus alegaciones de daños y perjuicios en cuanto a Inversiones EMRA, Inc. y su aseguradora AGSM.
>
> Segundo error: Erró el Tribunal de Primera Instancia de Bayamón al determinar que existía controversia sustancial y genuina que impidiera la disposición de la reclamación en cuanto a Inversiones EMRA, Inc., y su aseguradora.

En apretada síntesis, Inversiones EMRA argumentó que en el expediente no constaba prueba documental que demostrara que era responsable por el origen del incendio y, por consiguiente, no debía responder por los daños producidos por el fuego. Asimismo, la parte peticionaria alegó que no cumple con los requisitos esenciales del antiguo Art. 1802 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5141, para imputársele que era responsable de los daños desencadenados por el incendio.[19]

---

[16] Íd., Anejo 23, págs. 2078-2083.

[17] Íd., Anejo 24, págs. 2084-2092.

[18] Íd., Anejo 29, págs. 2119-2122.

[19] Conforme el Art. 1816 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11721, el presente caso se rige por las disposiciones aplicables del derogado Código Civil de 1930, *supra.*

El 24 de abril de 2025, el señor Crespo Irizarry presentó una *Oposición a expedición de certiorari* en la que alegó que la *Resolución* recurrida no está dentro de los criterios que esta Curia debe considerar para expedir el auto de *certiorari*. Además, arguyó que Inversiones EMRA no cumplió con su deber de arrendador, en mantener el debido cuidado del inmueble. Asimismo, argumentó que la parte peticionaria era responsable por los daños que surgieron por el incendio debido a que hubo un corto circuito en su edificio.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeill Healthcare LLC,* 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[20] *Scotiabank*

---

[20] Esta Regla dispone que:
[....]
El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y

*de Puerto Rico v. ZAF Corporation, et als.,* 202 DPR 478 (2019).

A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. *Medina Nazario v. McNeill Healthcare LLC,* *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[21]

---

por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[21] Esta Regla dispone lo siguiente:

**B.**

El anterior Art. 1802 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5141, establecía que, "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". Para prosperar en una acción de daños se requiere que se lleve a cabo una actuación u omisión culposa o negligente; que se ocasiona un daño y que exista una relación causal entre la acción y omisión y el daño ocasionado. *Hernández Vélez v. Televicentro*, 168 DPR 803, 831 (2006); *Elba ABM v. UPR*, 125 DPR 294, 308 (1990); *Hernández v. Fournier*, 80 DPR 93,96 (1957). En los casos en que el daño infligido es el resultado de una omisión se requiere: demostrar la existencia de un deber jurídico de actuar de parte del alegado causante del daño y el incumplimiento de éste con ese deber y si de haberse realizado el acto omitido se hubiera evitado el daño. *Hernández Vélez v. Televicentro*, supra, pág. 830; Véase: *Santiago v. Sup. Grande*, 166 DPR 796 (2006).

Por otro lado, un elemento esencial en una reclamación instada de daños es el factor de previsibilidad. *Elba ABM v. UPR*, supra, pág. 309; *Pons v. Engebretson*, 160 DPR 347 (2003); *Hernández Vélez v. Televicentro*, supra, pág. 831. El grado de previsibilidad varía en función al estándar de conducta que aplique. *Hernández Vélez v. Televicentro*, supra, pág. 831. El Tribunal

---

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

Supremo ha expresado que, "para determinar si el resultado era razonablemente previsible es preciso acudir a la figura de la mujer o el hombre prudente y razonable, que es quien actúa con el grado de cuidado, diligencia, vigilancia y precaución exigido por las circunstancias". ***Monllor v. Soc. de Gananciales***, 138 D.P.R. 600, 604 (1995). Ahora bien, para que exista responsabilidad por un daño causado por la negligencia de otro es necesario que exista una relación causal. ***Hernández Vélez v. Televicentro***, supra, pág. 832. Para que exista una relación causal es necesario que el daño ocasionado haya sido previsible y evitable, de haberse realizado a tiempo la acción omitida. ***Montalvo v. Cruz***, 144 D.P.R. 748, 759 (1998); ***Hernández Vélez v. Televicentro***, supra, pág. 832.

**C.**

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, establece que:

> Una parte que solicite un remedio podrá presentar, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.

La sentencia sumaria es un mecanismo procesal disponible para resolver controversias en donde no se requiere la celebración de un juicio. ***Ramos Pérez v. Univisión***, 178 DPR 200, 213 (2010). Con este mecanismo procesal se facilita la solución justa, rápida y económica de los litigios civiles cuando éstos no presentan controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. ***Luan Invest. Corp v. Rexach Const. Co.***, 152 DPR 652, 655 (2000). La parte que promueve la sentencia sumaria debe demostrar su derecho con

claridad y que no existe controversia sustancial sobre algún hecho material. **González Aristud v. Hosp. Pavia**, 168 DPR 127 (2006). Sin embargo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. **PFZ Props., Inc. v. Gen. Acc. Ins. Co.**, 136 DPR 881, 911-912 (1994).  Por su parte, la Regla 36.2 de Procedimiento Civil, *supra*, R. 36.2, dispone que la parte promovente deberá establecer, con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia. Además, según la Regla 36.3 de Procedimiento Civil, *supra*, R. 36.3, tendrá que desglosar, en párrafos numerados, los hechos respecto a los cuales aduce que no existe disputa, así como especificar la página o párrafo del documento que sirva de apoyo a su alegación.

La persona que se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada y está obligada a contestar de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversial real y sustancial que debe dilucidarse en el juicio. **Ramos Pérez v. Univisión**, supra, pág. 215; **Corp. Presiding Bishop CJC of LDS v. Purcell**, 117 D.P.R. 714 (1986). Es decir, el promovido ante una solicitud de sentencia sumaria tiene el deber de controvertir la prueba presentada por la parte promovente de la moción. Este no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. Regla 36.3 (c) de Procedimiento Civil, supra, R. 36.3; **SLG Zapata Berríos v. JF Montalvo**, 189 DPR 414; **Ramos Pérez v. Univisión**, supra. Sin embargo, el demandante no puede descansar en las aseveraciones generales de

su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". *Flores v. Municipio de Caguas*, 114 D.P.R. 521, 525 (1983).

En otros términos, de existir controversias de hechos que impiden dictar una sentencia sumaria, el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos en la moción en oposición, así como los que obren en el expediente del tribunal. *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007). Entretanto, la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4 dispone que:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

La aplicación de la antedicha regla procede cuando: (1) no se dicta sentencia sumaria sobre la totalidad del pleito, (2) no se conceda todo el remedio solicitado y (3) se deniega la moción de sentencia sumaria presentada. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, 203 DPR 687, 696-697 (2019). En las mencionadas circunstancias el tribunal deberá consignar los hechos sobre los cuales no existe controversia, por ser innecesario pasar prueba sobre estos durante el juicio. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, supra, pág. 696-697. Por ende, lo dispuesto en la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4, es exigible cuando se deniega total o parcialmente una moción de sentencia sumaria. *Pérez Vargas v. Office Depot/ Office Max,*

*Inc.*, supra, pág. 704. El TPI está facultado para declarar la moción "sin lugar" pero tomará ciertas providencias que facilitaran la tramitación ulterior del litigio. R. Hernández Colon, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed.rev, LexisNexis, 2017, pág. 322. El propósito de consignar los hechos controvertidos como los incontrovertidos es relevar a las partes de pasar prueba sobre estos últimos durante el juicio en su fondo. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, supra, pág. 704. Al celebrarse el juicio, se consideraran probados los hechos así especificados y se procederá de conformidad. *Rosario Ortiz v. Nationwide Mutual Ins. Co*, 158 DPR 775, 779 (2003).

De otra parte, en *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015), el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria. En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una de novo y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, supra, y los criterios que la jurisprudencia le exige al foro primario. *Meléndez González et al. v. M. Cuebas*, supra. pág. 118. Asimismo, deberá examinar el expediente de la manera más favorable hacia la parte promovida, llevando a cabo todas las inferencias permisibles a su favor. Íd. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia. Íd. En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra. Íd. En

tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. Íd. En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. ***Meléndez González et al. v. M. Cuebas***, supra. pág. 119.

### IV.

En el caso de marras, el TPI emitió una *Resolución* en la que declaró Sin Lugar una *Moción de Sentencia Sumaria* presentada por la parte peticionaria debido a que aún existen hechos en controversia que impedían que procediera la desestimación sumaria, en cuanto a las reclamaciones radicadas en contra de Inversiones EMRA.

En desacuerdo, Inversiones EMRA alegó que en el expediente no constaba evidencia que demostrara la negligencia que se le estaba imputando. Asimismo, argumentó que las partes recurridas no habían mostrado que Inversiones EMRA era responsable por los daños suscitados a causa del incendio ocurrido en el edificio que le arrendaba a Madestilo y First Class.

Por otra parte, el señor Crespo Irizarry argumentó que no procedía que esta Curia interviniera en la discreción del foro primario toda vez que el *foro a quo* formuló varios hechos en controversia. Además, arguyó que, aún está en controversia si la parte peticionaria fue negligente en cuanto al mantenimiento del edificio, y por tanto, aún no se le podía eximir las alegaciones en su contra.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI, en esta etapa de los procedimientos. Un examen sosegado del expediente del caso ante nuestra consideración y de la determinación recurrida, no arroja error alguno que amerite nuestra intervención. Por el contrario, el foro primario cumplió con la normativa vigente, aplicable a la disposición de mociones de sentencia sumaria, toda vez que basó sus fundamentadas determinaciones de hechos, en la prueba presentada por las partes y en la documentación disponible en el expediente del caso. Ello es mandatado tanto por las Reglas de Procedimiento Civil, *supra*, como la jurisprudencia.

Los hechos controvertidos formulados por el TPI ciertamente están en controversia. Dichos hechos que están en controversia, le impedían disponer sumariamente del caso en cuanto a Inversiones EMRA, los cuales versan sobre la posible responsabilidad que tiene la parte peticionaria y el origen del fuego. Consecuentemente, no intervendremos con la discreción del foro primario en esta etapa de los procedimientos.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones