ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DARYSABEL PÉREZ MEDINA Y OTROS<br><br>Recurridos<br><br>v.<br><br>MAYDA J. PÉREZ MEDINA Y OTROS<br><br>Peticionarios | TA2025CE00304 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2019CV00451<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios y Otros |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Mayda J. Pérez Medina, Juan Luis Pérez Medina, Luis Antonio Pérez Rivera y Ermelinda Rivera Ramos (peticionarios) solicitan que revisemos la Sentencia que emitió el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, la cual se debió denominar parcial, el foro primario decretó que la propiedad del Barrio Piñones, en Loíza, pertenece únicamente al caudal hereditario del causante Luis Pérez Hernández, sin que la codemandada Ermelinda Rivera Ramos tuviera participación en esa propiedad.

Por las razones que exponemos, modificamos la sentencia por existir controversia sobre ese hecho esencial.

El recurso fue presentado como certiorari, no obstante, por tratarse de la revisión de una sentencia lo acogemos como una apelación, conservando el alfanumérico asignado en sumac.

**I.**

El 14 de febrero de 2019, Mayda J. Pérez Medina[1], Darysabel Pérez Medina, Glomir Marie Pérez Flores y Lixzaliz Pérez Medina, presentaron una demanda de *injunction*, aceptación a beneficio de inventario y división de comunidad de bienes hereditarios contra Juan Luis Pérez Medina, Luis Antonio Pérez Rivera y Ermelinda Rivera Ramos. Alegaron que Don Luis A. Pérez Hernández falleció *ab intestato* el día 11 de mayo de 2017, dejando como sus únicos y universales herederos a las co-demandantes (1) Mayda Pérez Medina, (2) Darysabel Pérez Medina; (3) Lixzaliz Pérez Medina y (4) Glomir M. Pérez Flores y los co-demandados (5) Juan Luis Pérez Medina y (6) Luis A. Pérez Rivera. En el inciso 4 de la demanda adujeron que: "Por información y/o creencia a la fecha de su fallecimiento Don Luis Pérez Hernández mantenía una comunidad de bienes con la co-demandada Ermelinda Rivera Ramos." Sostuvieron, también, que Don Luis Pérez Hernández dejó bienes muebles e inmuebles en Puerto Rico y solicitaron la división de esa herencia, entre otros.

El 4 de marzo de 2019,[2] se presentó una Demanda Enmendada a los fines de corregir la nominación de la señora Mayda J. Pérez Medina como parte demandante para que apareciera como parte codemandada. En el inciso 5 de la referida demanda enmendada se indicó que, "Por información y/o creencia a la fecha de su fallecimiento Don Luis Pérez Hernández mantenía una comunidad de bienes con la Co-Demandada Ermelinda Rivera Ramos."

---

[1] Mediante Demanda Enmendada del 4 de marzo de 2019, se corrigió la comparecencia de la señora Mayda J. Pérez Medina para que apareciera como codemandada en lugar de demandante.

[2] SUMAC TA, entrada 1, apéndice, documento 16.

El 6 de marzo de 2019[3], los codemandados Juan Luis Pérez Medina, Luis Antonio Pérez Rivera y Ermelinda Rivera Ramos, contestaron la demanda. Aceptaron que, "a la fecha del fallecimiento del causante, la Sra. Ermelinda Rivera Ramos, mantenía con éste una comunidad de bienes." Alegaron además lo siguiente: "La Sra. Rivera Ramos contrajo matrimonio con el causante el 4 de febrero de 1978. Durante el matrimonio, procrearon un hijo de nombre Luis Antonio Pérez Rivera, codemandado en este caso. Dicho matrimonio concluyó mediante Sentencia de Divorcio del 17 de junio de 1994, emitida por este mismo Tribunal, Caso Civil Núm. EDI 94-051. No obstante ello, continuaron conviviendo hasta el fallecimiento del causante el 28 de diciembre de 2016."

Luego de varios trámites, el 4 de marzo de 2025, las demandantes presentaron una *Solicitud de Sentencia Sumaria Parcial*.[4] Allí plantearon que, mediante la sentencia de divorcio, se liquidó parcialmente la sociedad legal de bienes gananciales creada entre el causante y Ermelinda Rivera Ramos. Adujeron que existían varios inmuebles que pertenecían con exclusividad al caudal hereditario de don Luis Pérez, debido a que este los adquirió previo al matrimonio, los obtuvo mediante herencia o los adquirió luego del divorcio con Ermelinda Rivera Ramos y esta no figuraba como parte en el contrato. Entre estos bienes inmuebles mencionaron uno ubicado en Piñones, a saber:

> i. Casa alta localizada en la carretera ciento ochenta y siete (187) kilómetro cuatro puntos seis (Km 4.6) interior, Barrio Piñones de Loíza de Puerto Rico. La propiedad no consta inscrita en el registro y está libre de gravámenes. El bien anterior pertenece al caudal hereditario y se puede corroborar por la escritura pública que consta a favor del Sr. Luis Antonio Pérez.

---

[3] SUMAC TA, entrada 1, apéndice, documento 24.
[4] SUMAC TPI, entrada 380.

(Anejo VIII; Escritura Pública de Casa en Piñones, Loíza).[5]

El 25 de marzo de 2025, la parte demandada presentó una *Oposición a Sentencia Sumaria*. En lo aquí pertinente, se opuso a lo alegado en cuanto a la propiedad ubicada en el Bo. Piñones en el Municipio de Loíza. Sobre referida propiedad adujo lo siguiente:

> 8. El inciso I, esa es una propiedad que no está inscrita en el Registro de la Propiedad y se acepta dónde está localizada en el Barrio Piñones y no tiene gravamen y a pesar que la casa la adquiere en escritura don Luis Antonio Pérez Hernández la realidad es que esa propiedad la adquirieron ambos en su comunidad de bienes y la remodelaron ambos con dinero proveniente de dicha comunidad, hecho que está en conflicto por lo que se requerirá una determinación judicial y que en su día el tribunal tendrá que mediante la prueba correspondiente luego de aquilatar la misma y rendir su decisión sobre esta comunidad. El hecho de por sí, de que estuviera a nombre del causante solamente no la hace una propiedad del señor Luis Antonio Pérez Hernández exclusiva.[6]

La parte demandada no incluyó en la Oposición a Sentencia Sumaria documento alguno para sustentar su alegación, ni declaración jurada al efecto.

Evaluados los escritos, el 12 de junio de 2025, el foro primario dictó una Sentencia, en la cual plasmó, en lo aquí pertinente, los siguientes hechos como no controvertidos:

> 1. Luis Antonio Pérez murió intestado, por lo que, están llamados a heredar los que se encuentran en el primer orden sucesoral, sus descendientes.
>
> 2. Los únicos y universales herederos de Luis Antonio Pérez son sus hijos: Glomir Pérez Flores, Mayda Pérez Medina, Darysabel Pérez Medina, Lixzalis Pérez

---

[5] Incluyó como anejo VIII de la *Solicitud de Sentencia Sumaria Parcial*, un documento intitulado "Compraventa" otorgado en la ciudad de Caguas, Puerto Rico, el cinco (5) de julio de dos mil cinco (2005). En este comparece como comprador, Don Luis Pérez Hernández (causante), mayor de edad, soltero, propietario y vecino de Cidra, Puerto Rico.
[6] SUMAC TPI, entrada 390, pág. 2, inciso 8.

Medina, Juan Luis Pérez Medina y Luis Antonio Pérez Rivera.

3. Al momento de su muerte el 28 de diciembre de 2016, Luis Antonio Pérez, se encontraba soltero.

4. Ermelinda Rivera y Luis Antonio Pérez se divorciaron el 17 de junio de 1994 mediante la causal de consentimiento mutuo.

5. En la Sentencia de divorcio emitida se estableció que hubo una liquidación y división de la sociedad legal de bienes gananciales creada desde el 4 de febrero de 1978 hasta el 17 de junio de 1994.

6. Ambas partes concurren en que no todos los bienes de la sociedad legal de bienes gananciales fueron liquidados.

7. […]

8. […]

9. […]

10. El inmueble localizado en la Carr. 187 Km 4.6 Int., Bo. Piñones, Loíza, Puerto Rico, no consta inscrito en el Registro de la Propiedad y se encuentra libre de gravámenes. El bien antes mencionado pertenece exclusivamente al caudal hereditario de Luis Antonio Pérez, ya que del contrato de compraventa no surge como codueña Ermelinda Rivera. Por consiguiente, cada hijo tiene una participación de 1/6 respecto al mencionado bien.

Luego de plasmar los hechos, el foro primario declaró con lugar la Solicitud de Sentencia Sumaria Parcial. Consecuentemente, determinó que existía una comunidad de bienes entre el causante y la señora Rivera Ramos, excepto en la propiedad de Piñones. Sobre este bien explicó lo siguiente:

En el caso de autos, la única cuestión en controversia en torno a la solicitud de sentencia sumaria lo es la titularidad de la propiedad situada en el Bo. Piñones del Municipio de Loíza. El mencionado bien fue adquirido el 5 de julio de 2005, más de 11 años después de [las] Luis Antonio Pérez y Ermelinda Rivera haberse divorciado. Además, como bien surge del expediente la única parte que compareció a suscribir el contrato de compraventa lo fue Luis Antonio Pérez. Véase contrato de compraventa. Así pues, existe una presunción de que este tenía la titularidad exclusiva del mismo. (sic)

Por su parte, la parte demandada no presentó prueba en contrario que rebatiera la presunción de que el inmueble situado en el Bo. Piñones fuese exclusivo [del] causante. Esta se limitó a alegar que entre este

y Ermelinda Rivera existía una comunidad de bienes. Adjunto a su escrito en oposición a la solicitud de sentencia sumaria, no acompañó ni tan siquiera una declaración jurada que pudiese sustentar su alegación.

Por lo que, es forzoso concluir que la propiedad del Bo. Piñones pertenece únicamente al caudal hereditario del causante, sin Ermelinda Rivera tener participación alguna.

En desacuerdo con la *Sentencia*, el 26 de junio de 2025, la señora Ermelinda Rivera Ramos solicitó reconsideración en cuanto a la propiedad ubicada en Piñones. En el escrito, Rivera Ramos hizo referencia a varios extractos de la deposición que se le tomó. En particular, expresó que después de haberse divorciado de don Luis Pérez en el año 1994, continuaron juntos hasta el fallecimiento de este. Consecuente a ello, aludió, también, a que entre las partes hubo una comunidad de bienes, y para evitar el enriquecimiento injusto, podía reclamar el valor de los bienes, valores y servicios rendidos, según la jurisprudencia a la cual aludió. Acompañó a su petitorio de reconsideración, una declaración jurada, en la cual aseveró que la propiedad en Piñones se adquirió con fondos que tenían en el banco, los cuales provenían de la venta de una funeraria. Que tuvieron que rehacer la propiedad, y que fue ella quien la diseñó y la decoró, invirtiendo el dinero que tenían en conjunto. Adujo que, para terminar la construcción, le solicitaron un préstamo al señor José Silva, sin documento alguno, ya que este era amigo íntimo de ellos.

El 10 de julio de 2025, la parte demandante replicó con una *Comparecencia en [O]Posición a Moción de Reconsideración de la Bien Fundamentada Sentencia Sumaria Parcial Emitida por este Honorable Tribunal*. En síntesis, adujo que, en la oposición a la sentencia sumaria, la peticionaria no cumplió con las disposiciones de la Regla 36 de Procedimiento Civil, *infra*. Primeramente, porque

presentó la oposición de forma tardía y segundo, porque la apelante no sustanció su oposición con prueba ni declaraciones juradas. Adujo que, en la Reconsideración, no debían alegarse hechos nuevos que no habían sido considerados por el foro primario al dictar la Sentencia cuya reconsideración se pide.[7] Indicó, además, que la declaración jurada de la señora Rivera Ramos debía ser declarada inadmisible.

El 15 de julio de 2025, la peticionaria replicó con una *Breve Dúplica en Consideración a la Réplica presentada por el Demandante*. El 18 de julio de 2025, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración*.

Aun insatisfechos, los demandados acudieron a este foro revisor y aluden que incidió el foro primario, en lo siguiente:

> **Primero**: En declarar Con Lugar parcialmente la Sentencia Sumaria presentada por la parte Recurrida en cuanto a la propiedad de Piñones y erró en declarar No Ha Lugar la Moción de Reconsideración presentada por la Peticionaria en cuanto a la Comunidad de Bienes en la propiedad localizada en Barrio Piñones de Loíza.

> **Segundo**: Al no considerar los incisos de la Demanda que la demandante alegó que existía una Comunidad de Bienes y que la parte Peticionaria demandada había aceptado como correcta.

> **Tercero**: En no aplicar el caso de <u>Padín vs. Rossy</u>, 100 DPR 259, en la cual existía prueba del expediente que debió ser considerada para derrotar la Moción de Sentencia Sumaria de la parte Recurrida sobre la propiedad de Piñones de la parte demandante.

Transcurrido el término para oponerse al recurso, sin que la parte recurrida haya comparecido, lo consideramos perfeccionado.

---

[7] Este argumento lo sustentó con Rivera Meléndez v. Algarín Cruz, 159 DPR 482 (2003); Cuevas Segarra. Tratado de Derecho Civil 2da edición, 4 tomo, pág.1374.

## II.

### A.

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Batista Valentín v. Sucn. Batista Valentín, 2025 TSPR 93, 2016 DPR __ 2025; Consejo Tit. v. Rocca Dev. Corp., et als., 2025 TSPR 6, 215 DPR __ (2025); BPPR v. Zorrilla y otro, 214 DPR 329, 338 (2024); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).

La Regla 36 de Procedimiento Civil, *supra*, regula de manera específica los requisitos de forma que debe cumplir la parte promovente de la moción de sentencia sumaria, así como la parte que se opone a esta. En cuanto a la lista de hechos no controvertidos que la parte promovente debe exponer, esta tiene que desglosarlos en párrafos numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada y otra prueba admisible en evidencia que lo apoya. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013); Regla 36.3(a)(4) de Procedimiento Civil, 32 LPRA Ap. V.

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 787 (2016). El oponente está obligado a citar específicamente los párrafos que entiende están en controversia y, para cada uno de ellos, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. SLG Zapata-Rivera v. J.F. Montalvo, *supra*. No podrá descansar solamente en las

aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo haya hecho la parte promovente. BPPR v. Zorrilla y Otro, *supra*, 338-39 (2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Negrón Castro y otros v. Soler Bernardini y otros, 2025 TSPR 96, 216 DPR ___ (2025); Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

Toda relación de hechos propuesta por cualquiera de las partes que se encuentre sustentada según exige ese precepto podrá considerarse como admitida "a menos que esté debidamente controvertida conforme lo dispone esta regla". SLG Zapata-Rivera v. J.F. Montalvo, *supra*, pág. 433; Regla 36.3(d) de Procedimiento Civil, 32 LPRA Ap. V. Deberá refutar los hechos materiales que entiende están en disputa con evidencia sustancial. Birriel Colón v. Econo y otros, 213 DPR 80, 90 (2023); SLG Fernández-Bernal v. RAD-MAN et al., 208 DPR 310, 336-337 (2021). Los hechos materiales se refieren a aquellos que pueden alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. Cruz, López v.

Casa Bella y otros, 213 DPR 980, 993 (2024). Así pues, para que proceda este mecanismo es necesario que de los documentos no controvertidos surja de que no hay una controversia real y sustancial sobre los hechos del caso. Consejo Tit. v. Rocca Dev. Corp., et als, *supra*; Universal Ins. y otro v. ELA y otros, 211 DPR 455, 471 (2023); Ramos Pérez v. Univisión, 178 DPR 200, 214 (2010).

De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., 208 DPR 263, 278 (2021); Rivera Matos et al. v. Triple-S et al., 204 DPR 1010-1024 (2020). Al atender la solicitud de sentencia sumaria y su oposición, los tribunales deberán: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014). La sentencia sumaria sólo debe dictarse en casos claros, y cualquier duda debe resolverse en contra de la parte que solicita la sentencia. Rivera et al. v. Superior Pkg., Inc. et al., 132 DPR 115, 133 (1992).

Por otro lado, el Tribunal Supremo ha manifestado que no es aconsejable dictar sentencia sumaria en casos donde existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos, como la intención, los propósitos mentales o la negligencia. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., *supra*, pág. 278.

En cuanto al alcance de la revisión judicial, los tribunales apelativos nos encontramos en la misma posición que el foro

primario al evaluar la procedencia de una sentencia sumaria. Negrón Castro y otros v. Soler Bernardini y otros, *supra*; Batista Valentín v. Sucn. Batista Valentín y otros, *supra*; Consejo Tit. v. Rocca Dev. Corp., et als, *supra*; Soto y otros v. Sky Caterers, 2025 TSPR 3, 215 DPR ___ (2025); BPPR v. Cable Media, 2025 TSPR 1, 215 DPR ___ (2025).

**B.**

El Concubinato es la relación cuando sus partícipes están en aptitud de casarse por ser ambos solteros (divorciados o viudos). Caraballo Ramírez v. Acosta, 104 DPR 474, 489 (1975) (Nota 2). Se destaca que el concubinato *more uxorio* surge desde que "un hombre y una mujer con aptitud para casarse deciden vivir pública y notoriamente como un matrimonio, [...] sin cumplir con las formalidades exigidas para este último". Torres Vélez v. Soto Hernández, 189 DPR 972, 989-990 (2013). Ahora bien, bajo esta unión no se genera una Sociedad Legal de Gananciales. Por el contrario, si se ha constituido una Comunidad de Bienes, el concubino que así lo reclame deberá presentar prueba al respecto. Torres Vélez v. Soto Hernández, *supra*, pág. 990; Caraballo Ramírez v. Acosta, *supra* pág. 481.

El surgimiento del concubinato, de modo alguno hace presumir la existencia de una comunidad de bienes entre los concubinos. La comunidad de bienes […] debe ser probada por quien alega su existencia con total independencia de la causa que generó la misma. R. Ortega Vélez, Compendio de Derecho de Familia, San Juan, Pubs. JTS, 2000, T. II, pág. 619. Al adquirir bienes durante el concubinato, "el interés propietario se tiene que probar; no basta una mera alegación de que existe una comunidad de bienes, se tiene que probar que se aportó esfuerzo y trabajo para producir o aumentar el capital objeto de la reclamación de la

concubina o del cucubinario." R. Ortega, Op, cit.    Ahora bien, "cuando se adquieren bienes con aporte de ambos concubinos existe una verdadera comunidad de intereses a la que habrá de poner fin, mediante las normas que regulan la comunidad de bienes en Puerto Rico [...]". R. Ortega, Op. cit., pág. 620.

Así, luego de probar la existencia de la comunidad y en aras de evitar el enriquecimiento injusto, el **concubino deberá presentar prueba sobre su aportación de bienes, valores o servicios**. Torres Vélez v. Soto Hernández, *supra*, pág. 990.

El Tribunal Supremo ha reconocido "el interés propietario de los concubinos con respecto a los bienes adquiridos o que hayan incrementado de valor vigente la relación, como resultado del esfuerzo, labor y trabajo aportados conjuntamente bajo cualesquiera de las siguientes alternativas: '(1) como pacto expreso... (2) como pacto implícito que se desprende espontáneamente de la relación humana y económica existente entre las partes durante el concubinato... (3) como un acto justiciero para evitar el enriquecimiento injusto...'" Domínguez Maldonado v. ELA, 137 DPR 954, 967 (1995), citando a Ortiz de Jesús v. Vázquez Cotto, 119 DPR 547, 549 (1987); Cruz v. Sucn. Landau Díaz, 97 DPR 578, 585 (1969); Caraballo Ramírez v. Acosta, *supra*, pág. 481.  Ahora bien, se tiene que probar que se aportó esfuerzo y trabajo para producir o aumentar el capital objeto de la reclamación del concubino. Domínguez Maldonado v. ELA, *supra*.

### III.

Los peticionarios alegaron, en síntesis, que luego del divorcio, la señora Rivera Ramos y el causante continuaron viviendo juntos.  Aceptó que el causante Luis Pérez pudo haber adquirido la propiedad sin la firma de la señora Rivera Ramos,

pero, que existe controversia en cuanto a si esa propiedad se **adquirió con dinero de ambos**. Adujo que el expediente del tribunal contiene extractos de la deposición que se le tomó a la señora Rivera Ramos, en la cual esta afirma que después del divorcio, ambas partes siguieron viviendo juntos hasta que Don Luis Pérez falleció. Señaló que mientras estaban casados, vendieron la funeraria, lo cual crea una controversia de si ese dinero se utilizó para comprar la propiedad en Piñones. Afirmó que existía una controversia esencial en cuanto a la adquisición de la referida propiedad, para lo cual el foro primario tiene que dirimir la prueba.

Evaluamos.

El foro primario dictó una *Sentencia* en la cual decretó, entre otros asuntos, que la propiedad ubicada en Piñones la adquirió el causante el 5 de julio de 2005, a más de once (11) años de haberse divorciado de la señora Rivera Ramos. Que por existir la presunción de que este tenía la titularidad exclusiva del inmueble, le correspondía a la señora Rivera Ramos rebatirla. Reseñó que esta se limitó a alegar que existía una comunidad de bienes, pero no acompañó ni tan siquiera una declaración jurada que pudiese sustentar su alegación.

Los peticionarios alegan que existe controversia en cuanto al dinero que utilizó el causante Luis Pérez para adquirir la propiedad en Piñones. Sobre este particular, aseveran que la señora Rivera Ramos aportó esfuerzo y dinero, producto de la venta de una funeraria, para la compra del referido bien. Del expediente surge, además, que los peticionarios alegaron que la señora Rivera Ramos realizó aportaciones para remodelar la casa.

Notamos que, estas alegaciones, crean una controversia real y material en torno a si la señora Rivera Ramos, tiene algún

interés en la propiedad ubicada en Piñones y si se creó una comunidad de bienes sobre el referido bien.   Esto es un asunto de credibilidad que el foro primario estaría en mejor posición de dirimir en una vista.

Para ello, le corresponde a los peticionarios demostrar, no con meras aseveraciones, que la señora Rivera Ramos utilizó de su dinero para la adquisición del inmueble en Piñones.  Esto es, si la señora Rivera Ramos realizó aportaciones económicas del cual pueda surgir implícitamente una comunidad de bienes, sobre la cual tenga algún derecho.  De igual forma, debe demostrar su alegación de que aportó trabajo, dedicación y esfuerzo común para el incremento en valor de la referida propiedad, y como acto justiciero, para evitar el enriquecimiento injusto, procede que se le reconozca una comunidad sobre el referido bien.

## IV.

Por lo anterior, modificamos la Sentencia recurrida a los únicos fines de dejar establecido que existe controversia en cuanto a si existe alguna comunidad de bienes entre la señora Rivera Ramos y el causante, sobre la propiedad ubicada en Piñones o si esta tiene algún derecho sobre referido bien.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones