Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ANÍBAL FLORES SANTIAGO<br><br>Parte Apelante<br><br>v.<br><br>ROSAMARÍA MARTÍNEZ VÁZQUEZ<br><br>Parte Apelada | TA2025AP00707 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2022CV00214<br><br>Sobre: Reivindicación de Vehículo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de abril de 2026.

Comparece ante *nos*, Aníbal Flores Santiago (Flores Santiago o apelante) y nos solicita que revisemos una *Sentencia* emitida el 18 de noviembre de 2025 y notificada el 21 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Mayagüez. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Demanda* y en su lugar declaró *Ha Lugar* la *Reconvención.*

Por los fundamentos que exponemos a continuación, *confirmamos* el dictamen apelado.

**I.**

El caso de autos tiene su origen en una *Demanda* sobre reivindicación de vehículo, que presentó Flores Santiago en contra de Rosamaría Martínez Vázquez (Martínez Vázquez o apelada), el 18 de febrero de 2022. Alegó que es dueño registral del vehículo Jeep J5 con tablilla GAK955 del año 1980. Así, señaló que adquirió dicho vehículo junto a su hermano, Waddy Flores Santiago. Arguyó que,

el arreglo entre hermanos era que Waddy podría utilizarlo mientras el apelante no pudiera o no quisiese utilizarlo. Esgrimió que, Waddy Flores Santiago falleció soltero e intestado.

Así pues, manifestó que Martínez Vázquez, quien fue compañera consensual de su hermano y madre de uno de sus hijos, se ha negado a devolver el vehículo y aduce que el mismo es parte del caudal relicto de Waddy Flores Santiago. Por lo cual, solicitó la devolución del vehículo. El 29 de marzo de 2022, la parte apelada presentó una *Contestación a Demanda*. Planteó que, el verdadero dueño del vehículo era Waddy Flores Santiago. Expresó que, el vehículo se inscribió a nombre de Waddy Flores Santiago por motivos personales de este. Añadió que, el vehículo no fue usado ni había estado bajo la custodia del apelante.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 6 de noviembre de 2025, se celebró el Juicio en su Fondo. Posteriormente, el 18 de noviembre de 2025, el TPI emitió una *Sentencia* mediante la cual declaró *No Ha Lugar* la *Demanda* y en su lugar declaró *Ha Lugar* la *Reconvención*. En dicho dictamen, el foro primario determinó que el verdadero dueño del vehículo de motor Jeep J5 con tablilla GAK955 lo era Waddy Flores Santiago y habiendo fallecido este, dicho vehículo le corresponde a su hijo Wadriel Edwin Flores Martínez.

Inconforme, el 22 de diciembre de 2025, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: Erró el Tribunal de Primera Instancia al no formular determinaciones de hecho y conclusiones de derecho claras, específicas y completas sobre las múltiples admisiones de la apelada en el descubrimiento de prueba y en juicio, relativas a: (1) la inexistencia de documentos públicos que la acrediten como titular ni a Waddy como dueño registral; y (2) su admisión de que el DTOP sólo reconoce como titular al apelante, limitándose a reiterar la presunción registral sin**

**explicitar adecuadamente su fuerza y efecto frente a la prueba rendida.**

**SEGUNDO ERROR: Erró el foro primario al no cuantificar ni adjudicar de manera suficiente los daños y perjuicios causados al apelante por la retención ilegal del Jeep, particularmente los relacionados con la depreciación acelerada, la falta de mantenimiento, la ausencia de marbete desde 2021 y la pérdida de uso del vehículo, a pesar de la prueba inequívoca de que la apelada ha mantenido su posesión sin derecho alguno.**

**TERCER ERROR: Erró el Tribunal al no imponer, o al imponer insuficientemente, costas, gastos y honorarios de abogado por la conducta temeraria de la apelada, aun cuando de las contestaciones a la producción de documentos, al requerimiento de admisiones y de su testimonio en sala surge que sostuvo una reclamación carente de base documental, admitió no poder rebatir la presunción registral y, sin embargo, se negó a devolver el vehículo y lo dejó deteriorarse.**

El 20 de enero de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada un término de veinte (20) días para fijar posición al recurso. Consecuentemente, el 5 de febrero de 2026, Martínez Vázquez presentó una *Contestación [a] Apelación.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Apreciación de la prueba

En materia de apreciación de prueba, los foros apelativos habremos de brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior,* 81 DPR 554 (1959).

Por ello, este Foro apelativo intermedio evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de Procedimiento Civil (32 LPRA Ap. V). Véase, además, *Ortiz Ortiz v. Medtronic*, 209 DPR 759 (2022); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799 (2009). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín, supra*, pág. 753.

Sin embargo, la aludida norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello". *Pueblo v. Cabán Torres*, 117 DPR 645 (1986). Por tanto, como foro apelativo, no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por el nuestro. *Rivera Menéndez v. Action Services*, 185 DPR 431 (2012); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345 (2009). Así pues, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones. Recordemos que, el foro de instancia es el único que observa a las personas que declaran y aprecia su *demeanor*. *Ramírez Ferrer v. Conagra Foods PR, supra*. Véase, además, *Trinidad v. Chade*, 153 DPR 280 (2001); *Ramos Acosta v. Caparra Dairy, Inc.*, 113 DPR 357 (1982).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de Procedimiento Civil, *supra*. Véase, además, *Rivera Menéndez v. Action Services*, *supra*, págs. 448-449; *Monllor Arzola v. Soc. de Gananciales*, 138 DPR 600 (1995). No obstante, si de un examen de la prueba se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención. *C. Brewer P.R., Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

### B. Reproducción de la prueba oral

La Regla 19 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 37, *supra*, dispone que:

(A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 76 de este Reglamento. Cuando promueva la disposición rápida y eficiente del recurso, el Tribunal de Apelaciones podrá relevar a las partes de reproducir la prueba oral, y requerir que sometan la regrabación del procedimiento en el tribunal apelado, detallando las porciones de la grabación concernientes al error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta.

(B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.

(C) El tribunal podrá imponer costas y sanciones a la parte o a su abogado o abogada de determinar que obstaculizaron el logro de la reproducción de la prueba oral y ocasionaron retraso en cuanto a la solución del recurso. Asimismo, podrá imponer sanciones a cualquier parte o a su abogado en los casos en que intencionalmente se le haya hecho una representación incorrecta al Tribunal de Apelaciones sobre el contenido de la prueba testifical.

**III.**

En su recurso, el apelante acentuó que erró el TPI al no formular determinaciones de hecho y conclusiones de derecho claras, específicas y completas sobre múltiples admisiones de la apelada en el descubrimiento de prueba y en el juicio relativas a: (1) la inexistencia de documentos públicos que la acrediten como titular, ni a Waddy como dueño registral; y (2) su admisión de que el Departamento de Transportación y Obras Públicas sólo reconoce como titular al apelante, limitándose a reiterar la presunción registral sin explicitar adecuadamente su fuerza y efecto frente a la prueba rendida.

Asimismo, el apelante sostuvo que erró el foro primario al no cuantificar ni adjudicar de manera suficiente los daños y perjuicios que le fueron causados por la retención ilegal del Jeep, particularmente los relacionados con la depreciación acelerada, la falta de mantenimiento, la ausencia de marbete desde 2021 y la pérdida de uso del vehículo, a pesar de la prueba inequívoca de que la apelada ha mantenido su posesión sin derecho alguno. Indicó, además, que erró el Tribunal al no imponer, o al imponer insuficientemente, costas, gastos y honorarios de abogado por la conducta temeraria de la apelada, aun cuando de las contestaciones a la producción de documentos, al requerimiento de admisiones y de su testimonio en sala surge que sostuvo una reclamación carente de base documental, admitió no poder rebatir la presunción registral y, sin embargo, se negó a devolver el vehículo y lo dejó deteriorarse.

Surge del expediente ante *nos* que, el 6 de noviembre de 2025, se llevó a cabo el Juicio en Fondo. Según la *Minuta* del Juicio en su Fondo, la única controversia que el Tribunal tenía ante si era con relación a quien pertenecía el vehículo en controversia. Es decir, el foro primario no atendió ninguna controversia relacionada a daños y perjuicios solicitados por el apelante. Además, de una revisión

minuciosa del expediente ante nuestra consideración, específicamente de la *Demanda* incoada por el apelante, no encontramos ninguna alegación relacionada a algún daño y/o perjuicio sufrido por el apelante. Por consiguiente, no estamos en posición de atender en apelación una causa de acción que no fue traída ante la consideración del foro primario. El segundo señalamiento de error no fue cometido.

Con relación al primer y tercer señalamiento de error, no estamos en posición de intervenir con la apreciación de la prueba que realizó el TPI y, en consecuencia, sus determinaciones de hechos, pues Flores Santiago no presentó junto a su recurso una Transcripción de la Prueba Oral que nos permita evaluar las presuntas admisiones de la apelada y si en efecto el foro primario se equivocó al adjudicar la titularidad del vehículo.

Así pues, ante el incumplimiento de la parte apelante con los postulados de la Regla 19 de nuestro Reglamento, *supra,* la cual señala, entre otras cosas, que: "[c]uando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 76 de este Reglamento", no estamos en posición de atender adecuadamente el primer y el tercer señalamiento de error.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente sin opinión escrita.

El Juez Rodríguez Flores concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones